UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LINDA LEWIS** | \* | **CIVIL ACTION** |
| | \* | |
| **VERSUS** | \* | **NO. 07-6219** |
| | \* | |
| **ALLSTATE INSURANCE COMPANY** | \* | **SECTION "L" (3)** |

## ORDER & REASONS

Before the Court is Defendant Allstate Insurance Company's Motion for Summary Judgment (Rec. Doc. No. 13). The Defendant's motion was originally set for hearing on May 14, 2008, at 9:00 a.m. The Plaintiff, who is proceeding *pro se*, failed to file a written opposition to the Defendant's motion. The Court continued the Defendant's motion to June 4, 2008, at 9:00 a.m. and advised the Plaintiff that a written response to the Court was due and failure to oppose the motion may result in the Court granting the motion as unopposed. The Plaintiff submitted a written response to the Court stating that she did not oppose the continuance, but she did not respond to the substance of the Defendant's motion. Accordingly, the motion is deemed to be unopposed.

Further, the Court finds that the motion is grounded in law and fact. Under Louisiana law, an "insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code." *Cadwallader v. Allstate Ins. Co.*, 848 So.2d 577, 580 (La.2003) (citations omitted). "The judiciary's role in interpreting insurance contracts is to ascertain the common intent of the parties to the contract." *Id.* (citing, *inter alia*, La. Civ.Code art. 2045). "Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning." *Id.* (citing, *inter alia*, La . Civ.Code art. 2047). "The

determination of whether a contract is clear or ambiguous is a question of law." *Id.* (citation omitted).  The insurance policy at issue in this case is clear: the policy excludes damages caused by flood or a windstorm.  Plaintiff's damages caused by Hurricane Katrina are therefore excluded under the plain terms of the policy.

Accordingly, IT IS ORDERED that Defendant's Motion for Summary Judgment is GRANTED and Plaintiffs' claims are hereby DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 10th day of June, 2008.

_____
UNITED STATES DISTRICT JUDGE

cc:
    Linda Lewis
    2658 Ursulines Ave.
    New Orleans, LA 70119
    (by certified mail)